# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ELIANCE CORPORATION, | Civil No. 99-1468 (JRT/FLN) |
| Plaintiff, | |
| v. | |
| JEFFERY HORING; RAMANAN RAGHAVENDREN; GLENN OSAKA; KERRY ADLER; LAURA HANTHO; INSIGHT CAPITAL PARTNERS II, and L.P.; INSIGHT CAPITAL PARTNERS (CAYMAN) II, L.P., | **TEMPORARY RESTRAINING ORDER** |
| Defendants. | |

---

Michael C. Mahoney, Leona E. Lewis, and Mark W. Peery, MAHONEY, HAGBERG & RICE, 109 Bushaway Road, Wayzata, MN 55391, for plaintiff.

J Jackson, J. Thomas Vitt, Kristin S. Westgard, and Kevin C. Braley, DORSEY & WHITNEY, Pillsbury Center South, 220 South Sixth Street, Minneapolis, MN 55402, for defendants.

This matter came before the Court on October 4, 1999, at 1:00 p.m. on defendants and counterclaimants' motion for a temporary restraining order pursuant to Rule 65, Fed. R. Civ. P. The Court has considered the Complaint, the motion and other written submissions of the parties and heard the arguments of counsel. The Court finds that defendants and counterclaimants have established that immediate and irreparable injury is imminent, and therefore makes the following temporary restraining order.



FILED OCT 0 4 1999
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

## ORDER

**IT IS HEREBY ORDERED** that defendants and counterclaimants' motion for a temporary restraining order is granted as follows:

1. Until further order of this Court, David Erickson, Jeffrey Farstad, Glen Osaka, Jeffrey Horing, and Ramanan Raghavendran are declared to be the duly elected directors of eliance Corporation;

2. The directors shall exercise general supervision of eliance Corporation, but shall take no extraordinary action in their capacities as directors until further order of this Court. It is the intent of the Court that the status quo be preserved as it existed immediately prior to September 23, 1999;

3. The officers of eliance Corporation shall be restored to the full rights and duties that they had prior to September 23, 1999, an all parties shall cooperate to ensure that such rights and duties are not impaired or restricted in any way;

4. The officers of eliance Corporation shall take no extraordinary action in their capacities as officers until further order of this Court and shall maintain, to the extent possible, the status quo;

5. The actions of David Erickson, Robert Griggs, Deborah Farstad, and Dianhai Du, in purporting to elect four new members of the board of eliance Corporation, in purporting to elect new officers of eliance Corporation, and in acting purportedly for and on behalf of eliance Corporation, are hereby suspended until further order of this Court;

6. David Erickson, Robert Griggs, Deborah Farstad, and Dianhai Du shall be restrained and enjoined as follows: (a) from undertaking, authorizing, or directing any action on behalf of eliance Corporation, except that David Erickson may exercise general

supervision of eliance Corporation in his capacity as a director as ordered above; (b) from representing that they are in a position to bind or commit eliance Corporation to any obligation whatsoever; (c) from removing any files, documents, computer software or hardware or other assets or property of eliance Corporation; (d) from communicating with, contacting, or soliciting any customers, vendors, bankers, or potential investors of eliance Corporation; (e) from instituting any legal proceedings on behalf of eliance Corporation; (f) from interfering with any contractual relations, prospective relations, or other relationships on behalf of eliance Corporation;

7. David Erickson, Robert Griggs, Deborah Farstad, and Dianhai Du shall (a) immediately surrender all books and records of eliance Corporation to defendants and counterclaimants, and (b) immediately provide to defendants and counterclaimants a written, detailed list of contacts, banking transactions, or other transactions they have engaged in purportedly on behalf of eliance Corporation since September 23, 1999.

8. Pursuant to Rule 65(c), Fed. R. Civ. P., this Order shall become effective upon defendants and counterclaimants posting a bond in the sum of Fifty Thousand Dollars ($50,000) with the Clerk of Court for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained or enjoined. The Court will further consider the sufficiency of the bond amount at the preliminary injunction hearing.

Dated: October _, 1999.
4:05 p.m.

_____
JOHN R. TUNHEIM
United States District Judge